**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-35482 |
| Plaintiff-Appellee, | D.C. Nos.  1:17-cv-00073-SPW |
| v. | 1:02-cr-00091-SPW-1 |
| JOSE GUERRA MALDONADO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted November 9, 2021
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,** District Judge.

Defendant Jose Guerra Maldonado appeals the district court's denial of his second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Maldonado alleges that the government violated *Brady v. Maryland*, 373

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

U.S. 83 (1963), by failing to disclose material impeachment evidence concerning a government witness named Dawn Hoots. We have jurisdiction pursuant to 28 U.S.C. § 2255(d) and 28 U.S.C. § 1291. Reviewing de novo, *United States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004), we affirm. Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

Maldonado alleges that the government violated *Brady* by withholding information he could have used to impeach Hoots's testimony. Because Hoots served to corroborate the government's two most incriminating witnesses, whose credibility the defense severely questioned, Maldonado argues that no reasonable juror would have convicted him had he also been able to impeach Hoots based on her cooperation with the government and her prior equivocal identification of Maldonado.

A movant who files a second or successive § 2255 motion raising *Brady* claims must first establish the elements of a *Brady* violation. *United States v. Lopez*, 577 F.3d 1053, 1064–66 (9th Cir. 2009). A *Brady* violation occurs when the government withholds favorable evidence and the withheld evidence is material, such that its suppression results in prejudice. *Amado v. Gonzalez*, 758 F.3d 1119, 1134 (9th Cir. 2014). Favorable evidence may include information that is exculpatory and information that is impeaching. *See id.* Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the

2

defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Assuming that the government withheld evidence about Hoots that was favorable as impeachment information, Maldonado cannot establish prejudice. Hoots's testimony placed Maldonado at the scene of drug cutting on just one day in an alleged conspiracy that spanned two months. She corroborated a portion of the testimony offered by two other government witnesses whose credibility was impeached by the defense. However, even without Hoots's corroboration, these witnesses presented highly incriminating testimony. The government also presented extensive circumstantial evidence of Maldonado's guilt, including phone records, hotel receipts, fingerprints, and Maldonado's statements to investigators. In light of the record as a whole, Maldonado has not shown that the additional information, if placed before the jury, would have created a reasonable probability of a different result.

**AFFIRMED.**